**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**JAMES RANKIN**                                                                    **PLAINTIFF**

**vs.**                                                          **No. 2:10cv00160-KS-MTP**

**STINSON PETROLEUM CO, INC.,**
**STINSON BROTHERS, LLC, STINSON**
**ENTERPRISES, LLC, RALPH L. STINSON, JR.,**
**individually, SAM W. STINSON, individually, and**
**RALPH L. STINSON, III, individually**                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Rule 12(b)(6) Motion to Dismiss [Doc. # 10] (Nov. 17, 2010) filed by Defendants Stinson Enterprises, LLC, Ralph L. Stinson, Jr., Sam W. Stinson, and Ralph Leon Stinson, III.   Defendant has moved this Court for dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).   Because Defendants raise disputed questions of fact only, the motion should be **denied.**

Rankin filed suit against Defendants alleging that he was not paid for debris removal work during Hurricane Ike and that he did not receive his last paycheck.   In response, the movants allege in their Motion to Dismiss that "Plaintiff was never employed by [Stinson Enterprises, LLC, Ralph L. Stinson, Jr., Sam W. Stinson and Ralph Leon Stinson, III]."  Mot. to Dismiss ¶ 2 [Doc. # 10].   Defendants also complain that the complaint does not allege affiliate liability as between the Defendants, or the exact dates and hours which Plaintiff worked and was not paid.  *Id.* ¶ 3.  Neither party has presented any evidence outside the pleadings to demonstrate whether Rankin was employed by any of the parties or the hours he worked.  However, Plaintiff admits in his response to the Motion to Dismiss that after filing the complaint, he learned that

1

Stinson Petroleum Co. (a non-movant), as well as Stinson Enterprises, LLC and Ralph L. Stinson Jr. (both movants) were not his employers. *See* Resp. ¶ 9 [Doc. # 13]. Plaintiff has agreed to dismiss these Defendants from the lawsuit without prejudice and indicated that he would file a Stipulation with the Court.[1] On the other hand, Stinson Brothers, LLC does not deny that Rankin was its employee. Stinson Brothers, LLC, is owned and operated by Sam W. Stinson, and Ralph Leon Stinson, III. Rankin alleges that both men "regularly exercised the authority to (a) hire and fire employees; (b) determine the work schedules for his employees; and (c) control the finances and operations of the businesses." Pl.'s Resp. ¶ 6. In rebuttal, Defendants argue that Sam Stinson had "managerial responsibilities" only, and that none of these responsibilities related in any way to Rankin. The remaining issues, then, are whether Sam W. Stinson, and Ralph Leon Stinson, III, both sued individually, were statutory employers of Rankin and whether Rankin must plead with particularity the hours and days he worked but was not paid.

The Rule 12(b)(6) motion's purpose is "to test the formal sufficiency of the statement of the claim for relief.; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." 5B WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 3d § 1356 (2004). As the Fifth Circuit has stated:

> We may not go outside the pleadings. We accept all well pleaded facts as true and view them in the light most favorable to the plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'

*Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993) (internal footnotes and

---

[1]Plaintiff actually stated that the stipulation would be filed simultaneously with his response to the present motion, but it was not. The Court reserves the option to reconsider the motion as to Ralph Stinson, Jr. should Plaintiff fail to promptly submit its stipulation.

citations omitted); *see also Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).

The Fair Labor Standards Act ("FLSA") defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).       The Act's definition of employer is expansive and "managerial responsibilities" and substantial control of the terms and conditions of the work of the employees can create statutory employer status.  *See Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir. 1984) (citing *Falk v. Brennan*, 414 U.S. 190, 195, 94 S.Ct. 427, 431, 38 L.Ed.2d 406 (1973)).  A corporate officer with operational control can be jointly and severally liable along with the corporation under the FLSA.  *Id.* at 972.  The Court employs the economic realities test and will consider several factors to determine whether an individual is an "employer," including "whether the alleged employer (1) has the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990) (citing *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984)).

Certainly, if any of the movants were not Rankin's employers as defined under the FLSA, he could not prove any set of facts that would entitle him to the relief sought.  However, the parties here contest whether Stinson  Brothers, LLC's owners, Sam Stinson, and Ralph Stinson, III, had managerial responsibilities that related in any way to Rankin and contested facts are construed in a light most favorable to the plaintiff.  Both parties should be allowed to develop whether or not the individual owners regularly exercised authority on behalf of Rankin's employer, Stinson Brothers, LLC.   Rankin adequately alleges that he was not paid for work

done following Hurricane Ike and did not receive his last paycheck.  His pleadings provide notice of the claims against Defendants and meet the requisite pleading standard.  *See* FED. R. CIV. P. 8.  Therefore, the motion to dismiss as to the individual defendants, Ralph L. Stinson, III and Sam W. Stinson should be denied.  Plaintiff has stated in his Response that he will file a Stipulation of Dismissal Without Prejudice as to the other Defendant-movants, Stinson Enterprises, LLC and Ralph Stinson, Jr, so the motion as to these Defendants is moot.

IT IS THEREFORE ORDERED AND ADJUDGED that the Rule 12(b)(6) Motion to Dismiss [Doc. # 10] filed on behalf of Defendants, is hereby **denied.**

SO ORDERED AND ADJUDGED this the 13th day of December, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE